# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Cause No. 4:19-CR-00831 RWS |
| v. | ) |
| KEVIN L. SHELTON, | ) |
| Defendant. | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Kevin Shelton, through counsel, respectfully requests this Court accept the Plea Agreement and sentence him to 120 months in the Bureau of Prisons per the party's agreement. In support of the requested sentence, Counsel submits the following to the Court:

### The Vicious Cycle of a Tumultuous Upbringing

Kevin has lived in the St. Louis area his entire life. The neighborhoods in North St. Louis have been synonymous with gang violence, drugs, and poverty. Combative relations between police and members of the community have long been the norm, and these realities have created a tough environment for those who have lived there, especially those who grew up there. Kevin has lived in this type of community his entire life. When this is the only type of environment you know, removing yourself from it can be nearly impossible. How people grow up and where they spend their formative years is very important when understanding their choices later in life.

Kevin also lacked a strong male role model. His father was in and out of jail for much of his childhood. The lack of stable male role models throughout his life likely had a significant effect on Kevin. Although Kevin's mother did what she could to fill both roles for Kevin, she could not protect him from everything. In his presentence interview, Kevin relayed numerous traumatizing

events he witnessed as a child, including witnessing an armed robbery, multiple stabbings, and domestic violence. Seeing violent acts at such a young age and on a regular basis no doubt influences someone and the adult that person becomes. Courts can consider the defendant's troubled upbringing, including exposure to violence as a child, when determining a sentence. *United States. v. Lopez*, 938 F.2d 1293, 1298 (D.C. Cir. 1991). Evidence about the defendant's background and character is relevant "because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental problems, may be less culpable than defendants who have no such excuse." *California v. Brown,* 479 U.S. 538, 545 (1987) (O'CONNOR, J., concurring). These past traumas can aid courts in determining the proper sentence that balances all the § 3553(a) factors.

Kevin was introduced to drugs and alcohol at a very young age. He started smoking marijuana when he was 11, drinking alcohol when he was 14, and experimenting with other drugs in his later teenage years. The drugs he used frequently included ecstasy, Xanax, Percocet, and Valium. Since then, Kevin has struggled with these addictions, and this addiction contributed to his involvement in this offense.

Kevin's past criminal history and his actions in the instant offense reflect his substance abuse issues. He was not clear headed but instead impaired by daily drug use when he was making decisions that resulted in the situation, he is currently in. Now, after two years in custody with time to process his actions with a sober mind, he sees where he went wrong and how he must make better decisions in the future.

Defense Counsel asks this Court to join with others who have found that addiction should weigh into the sentencing decision. *See United States v. Patzer*, 548 F.Supp.2d 612 (N.D. Ill 2008); *United States v. Parson,* 343 F.App'x 163, 165 (8th Cir. 2009); *United States v. Innarelli*, 524 F.3d

286, 292 (1st Cir. 2008); *United States v. Hendrickson*, 25 F.Supp. 3d 1166, 1174 (N.D. Iowa 2014). Kevin needs to be given the opportunity for a structured substance abuse treatment program, and he asks this Court to prioritize his rehabilitation at sentencing and recommend him for RDAP.

### Family to Support

Kevin has made mistakes throughout his life, many of those due to his drug addiction. But he is prepared to work towards a healthier future because he has children to support. Kevin has two children, one of which he was raising on his own prior to his incarceration. Kevin had been in a long-term relationship with his girlfriend Jasmine, and they had a daughter. However, Jasmine tragically passed away in February of 2020 after suffering a brain aneurysm. Prior to his incarceration, Kevin was a full-time dad and did everything he could to support his daughter.

The requested sentence will give Kevin the opportunity to better himself and return to his daughter adequately prepared to take care of her, while also not forcing him to miss her entire childhood. This is a type of psychological punishment, knowing that his actions have caused him to lose valuable time with his daughter, although not put in place by the Court, should be accounted for when determining what still needs to be done to meet the goals of 18 U.S.C. § 3553(a). Kevin's daughter gives him a significant reason to better himself and overcome his addictions while serving his sentence. He just needs to be provided with the tools to do so.

### 18 U.S.C. § 3553(a) Sentencing Goals

18 USC §3553(a)(2) considers the need for the sentence imposed to:

(A)   reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

(B)   afford adequate deterrence to criminal conduct and

(C)   protect the public from further crimes of the defendant, and

  (D)  provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

A 120-month sentence would meet all these goals. Ten years is a very long time. Kevin has forfeited a decade of his life because of his actions in this case and his past criminal conduct. This should provide sufficient deterrence for Kevin to never get himself into a situation like this again. Further, this sentence would certainly reflect the seriousness of the crime as the ramifications of his plea to a federal offense carry with it distinct and severe consequences for his future.

Kevin is only 30 years old. A 120-month sentence will be plenty of time for Kevin to rehabilitate himself and return to society with a chance at success. A sentence of more than ten years could create a situation where Kevin spends most of his adult life in prison and has lost the ability to be a productive member of society.

**Conclusion**

Kevin accepts responsibility for his actions but asks the Court to consider his long history of drug addiction which has been the catalyst for his current and prior offenses. Based on the offense conduct and his personal characteristics, a 120-month sentence would be sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a): punishment, protection of society, deterrence, and rehabilitation. Furthermore, the Defense requests that the Court not impose a fine as it does not appear that Kevin could afford to pay one and that the Court run this sentence concurrent to his state cases.

A sentence of 120 months will be by far the longest period of incarceration in Kevin's life. It will force him to be away from his drug-fueled lifestyle and give him significant punishment for his crime.  Kevin's life choices to this point do not excuse his conduct, but they do put in perspective how this young man has become involved in the Federal Justice System.  He asks the Court to consider

his potential for a drug-free future, and not just his drug-ridden past, when determining his sentence. Kevin is motivated and committed to getting on the right track and returning to the community to be a present and strong father.

WHEREFORE, for the foregoing reasons, Kevin Shelton respectfully requests the Court accept the joint recommendation and sentence him to 120 months in the Bureau of Prisons and 3 years of Supervised Release and grant any other relief the Court deems just or proper.

>Respectfully submitted,
>
>FRANK, JUENGEL &
>RADEFELD, ATTORNEYS AT
>LAW, P.C.
>
>By */s/ Daniel A. Juengel*
>DANIEL A. JUENGEL (#42784MO)
>Attorneys for Defendant
>7710 Carondelet Avenue, Suite 350
>Clayton, Missouri 63105
>(314) 725-7777

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

J. Christian Goeke
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

>*/s/ Daniel A. Juengel*
>DANIEL A. JUENGEL

5